Charles C. Sipos, Bar No. 348801
CSipos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Natalie K. Sanders, Bar No. 329916
NSanders@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA HAVER, on behalf of herself, all others similarly situated, and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL MILLS, INC.,<br><br>    Defendant. | Case No. [_] **'24CV1269 CAB MMP**<br><br>NOTICE OF REMOVAL |

  Defendant General Mills, Inc. ("General Mills") respectfully notifies the Court pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, that it hereby removes this case from Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b). In support of this Notice of Removal and this Court's jurisdiction, General Mills states as follows:

## THE STATE COURT ACTION

  1. On June 20, 2024, Diana Haver ("Plaintiff") filed a putative class action complaint in the Superior Court of California, County of San Diego, captioned *Diana Haver v. General Mills, Inc.*, No. 37-2024-00028888-CU-BT-CTL (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as <u>Exhibit A</u>. On June 24, 2024, Plaintiff served General Mills pursuant to section 415.30 of the California Code of Civil Procedure.

  2. Plaintiff purports to bring this action on behalf of a class of California consumers who purchased Annie's brand fruit snacks (the "Fruit Snacks") over the past four years. Compl. ¶ 37, 1. Plaintiff alleges that the class of consumers consists of "at least thousands of [m]embers." *Id.* ¶ 40.

  3. In her Complaint, Plaintiff alleges that the marketing and labeling of the Fruit Snacks are false and misleading "because the Fruit Snacks are sweetened entirely with added sugar." *Id.* ¶ 3. Specifically, Plaintiff alleges the phrase "Made with Real Fruit Juice" is false and misleading due to the presence of added sugar. *Id.*

  4. Plaintiff seeks, among other things, an order requiring General Mills to "pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon." *Id.* ¶ 77 (Prayer for Relief). Plaintiff alleges that they and each class member would not

have purchased the Product or would have paid less for them had the labels not been purportedly false or misleading. *Id.* ¶¶ 31, 32, 34. Plaintiff also seeks "an award of attorneys' fees and costs," injunctive relief, and "further relief, as may be just and proper." *Id.* ¶ 77 (Prayer for Relief).

## GROUNDS FOR REMOVAL

5. "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

6. CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Joe Herring at General Mills, (Exhibit B), these requirements are met, and this matter is removable.

### A. The putative class is comprised of more than 100 members.

7. This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Under CAFA, class actions must have at least 100 members in the putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff acknowledged that the putative

class consists of "at least thousands of members." Compl. ¶ 40. By Plaintiff's own allegations, this element is met.

### B. The aggregate amount in controversy exceeds $5,000,000.

9. CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a class action complaint does not expressly allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). In the Ninth Circuit, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions. *Id.*; *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 965 (9th Cir. 2020) (denying challenge to removal when underlying assumptions regarding amount in controversy were not shown to be unreasonable).

10. Plaintiff's demand for monetary recovery—including "restitution," and attorneys' fees—places well over $5,000,000 in controversy. *See* Compl. *Id.* ¶ 77 (Prayer for Relief).

11. First, Plaintiff seeks a judgment amounting to the total sales of the Products sold during the class period in California—which would also exceed $5 million. See *Id.* ¶ 77 (seeking disgorgement of "all monies, revenues, and profits obtained"); ¶ 76 ("[T]he restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits" from the sale of the Fruit Snacks). Plaintiff asserts that each class member would not have purchased the Products or would have

paid less for them had the labels not been false or misleading. *Id.* ¶¶ 31, 32, 34. Thus, Plaintiff seeks for herself and the putative classes "equitable relief including restitution and/or disgorgement" of all monies, revenues, and profits obtained as a result of the sale of the Fruit Snacks. Compl. ¶ 77.

12.  Given Plaintiff's intent to recover a complete refund of the purchase price paid, restitution potentially awarded in this matter may be equal to the total retail sales figure over the four-year class period, which exceeds $5 million. As explained by the declaration of Joe Herring, total sales of the Fruit Snacks in California and as part of the California class exceeded $5 million over the past four years. *See* Exhibit B, ¶ 4; *see also Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (accepting declaration from company representative that sales in California exceeded $5 million).

13.  Second, the Complaint seeks injunctive relief. Compl. ¶¶ 41, 46, 59, 70, 77. When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Under the Ninth Circuit's "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.* Here, the compliance with this injunction, namely the changes in the production processes and the request to "destroy all misleading and deceptive marketing materials and product labels, and to recall all offending Fruit Snacks," exceeds $5 million. Compl. ¶ 77 (Prayer for Relief); *see also* Exhibit B, ¶ 4.

14.  Restitution and disgorgement as well as injunctive relief are implicated

in Plaintiff's allegations and should be considered in reaching the CAFA amount in controversy, which is well over $5 million here. Accordingly, the amount in controversy prong for CAFA jurisdiction is satisfied.

**C.   The parties are minimally diverse.**

15.   The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16.   Plaintiff asserts that she is a citizen of California. Compl. ¶ 11.

17.   General Mills is not a citizen of California. Plaintiff acknowledges that General Mills is a citizen of Delaware and Minnesota *See* Compl. ¶ 12; *see also* 28 U.S.C. § 1332(c)(1). (noting that a corporation is a citizen of the state in which it is incorporated and maintains its primary place of business.). Thus, at least one Plaintiff is a citizen of a different state from General Mills, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

**D.   There are no barriers to removal.**

18.   This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

19.   Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); see also 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because General Mills is not a citizen of California, the state in which the action was originally filed.

20. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues.

### E. Venue and intra-district assignment are proper.

21. The Southern District of California, San Diego Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Superior Court of California, San Diego County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

### F. General Mills has satisfied all other requirements of the removal procedure.

22. This Notice of Removal is timely filed. General Mills was served and this Notice of Removal was filed and served within 30 days of that service, in compliance with 28 U.S.C. § 1446(b).

23. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon General Mills are being filed herewith. These documents are attached hereto as Exhibit A. A true and correct copy of the State Court's docket is attached hereto as Exhibit C.

24. Pursuant to 28 U.S.C. § 1446(d), General Mills will promptly serve on Plaintiff and file with the State Court a "Notice to Adverse Party and State Court of Removal to Federal Court." General Mills will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

### RESERVATION OF RIGHTS AND DEFENSES

25. General Mills expressly reserves all its defenses and rights, and none of

the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of General Mills's defenses.

## CONCLUSION

26. WHEREFORE, General Mills requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the California state court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court proceeding.

Dated: July 23, 2024　　　　　　　　**PERKINS COIE LLP**

By: _/s/ Charles C. Sipos_
　　Charles C. Sipos, Bar No. 348801
　　CSipos@perkinscoie.com
　　Natalie K. Sanders, Bar No. 329916
　　NSanders@perkinscoie.com