# EXHIBIT A

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
CAROLINE S. EMHARDT (SBN 321222)
*cemhardt@fmfpc.com*
PETER GRAZUL (SBN 342735)
*pgrazul@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
**QUAT LAW OFFICES**
KENNETH D. QUAT (*PHV to be filed*)
*kquat@quatlaw.com*
373 Winch Street
Framingham, MA 01701
Phone: (508) 872-1261
***Counsel for Plaintiff***

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/20/2024** at 01:03:43 PM
Clerk of the Superior Court
By Fernando Gonzalez,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO – CENTRAL DIVISION

| | |
|---|---|
| DIANA HAVER, on behalf of herself, all others similarly situated, and the general public,<br><br>        Plaintiff,<br><br>    v.<br><br>GENERAL MILLS, INC.,<br><br>        Defendant. | Case No:   37-2024-00028888-CU-BT-CTL<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*; CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*; AND UNJUST ENRICHMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Diana Haver, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, brings this action against General Mills, Inc. ("General Mills" or "Defendant"), and alleges the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## INTRODUCTION

1.     General Mills sells a line of fruit snacks under its "Annie's" brand that it prominently labels as "Made with Real Fruit Juice" (the "Fruit Snacks").[1] Depictions of the packaging for two of the varieties appear below.

 

2.     General Mills represents the Fruit Snacks are "Made with Real Fruit Juice" because that claim appeals to consumers interested in snacks sweetened with fruit juice, as

---

[1] During the relevant time period, the Fruit Snacks were sold in at least seven flavors: Berry Patch Bunny, Bernie's Farm (Strawberry, Orange & Raspberry), Bees, Bugs & Butterflies (Strawberry, Raspberry & Apple), Minis Bunny  (Strawberry, Mango, Cherry), Tropical Treat, Summer Strawberry, and Building Blocks. To the extent any additional flavors were sold during the Class Period, the complaint should be read to include rather than exclude such flavors.

1

opposed to added sugars. This is especially true of snack foods marketed to children, like the Fruit Snacks.

3.      Plaintiff and other consumers purchased the Fruit Snacks believing they were sweetened entirely, or at least primarily, with fruit juice. General Mills' "Made with Real Fruit Juice" claim, however, is false and misleading because the Fruit Snacks are sweetened entirely with added sugars.

4.      Plaintiff brings this action on behalf of herself, similarly-situated Class Members, and the general public, to enjoin General Mills from deceptively marketing the Fruit Snacks in this manner, and to recover compensation for injured Class Members.

## **JURISDICTION & VENUE**

5.      The California Superior Court has jurisdiction over this matter as a result of defendant's violations of the California Business and Professions Codes and California common law principles.

6.      This Court has jurisdiction pursuant to Article VI, Section 10 of the California Constitution, because this case is not a cause given by statute to other trial courts.

7.      The aggregate restitution sought herein exceeds the minimum jurisdictional limits for the Superior Court and will be established at trial, according to proof.

8.      The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law.

9.      The Court has personal jurisdiction over General Mills as a result of its substantial, continuous and systematic contacts with the State, and because General Mills has purposely availed itself of the benefits and privileges of conducting business activities within the State, including by marketing, distributing, and selling the Fruit Snacks in California.

10.     Venue is proper in San Diego County because a substantial part of the events or omissions giving rise to the class claims occurred in San Diego County.

*Haver v. General Mills, Inc.*
CLASS ACTION COMPLAINT

**PARTIES**

11.     Plaintiff Diana Haver presently resides and intends to continue to reside in San Diego County, California. Accordingly, she is a citizen of the State of California.

12.     Defendant General Mills, Inc., is incorporated in Delaware and has its principal place of business in Minnesota.

**FACTS**

**I.     GENERAL MILLS FALSELY LABELS THE FRUIT SNACKS AS "MADE WITH REAL FRUIT JUICE"**

13.     As General Mills knows, many consumers prefer, are willing to pay more for, and purchase more often, snack foods sweetened with fruit juice rather than added sugars.

14.     During at least the four years preceding the filing of this Complaint and continuing today, General Mills has leveraged this preference by prominently labeling the Fruit Snacks as "Made with Real Fruit Juice." This is true of each variety of Fruit Snacks complained of herein.

15.     Reasonable consumers, including Plaintiff, interpret the labeling "Made with Real Fruit Juice" to mean what it says: that the Fruit Snacks, which are sweetened snacks marketed for consumption by children, are sweetened with actual fruit juice.

16.     However, contrary to the label claim, the Fruit Snacks are sweetened with added sugars, including concentrates, and not fruit juice.

17.     In fact, the first four ingredients by volume of each variety of the Fruit Snacks are all added sugars: rice syrup, cane sugar, tapioca syrup solids, and pear juice concentrate.[2] None of these ingredients are fruit juice.

18.     Below is the ingredient list for the Annie's Summer Strawberry flavor Fruit Snacks.

---

[2] The Bees, Bugs, and Butterflies Fruit Snacks are also sweetened with honey.

3

# Ingredients

Organic Rice Syrup, Organic Cane Sugar, Organic Tapioca Syrup Solids, Organic Pear Juice Concentrate, Water, Pectin, Citric Acid, Sodium Citrate, Ascorbic Acid (vitamin C), Organic Natural Flavor, Organic Sunflower Oil, Organic Color (organic black carrot, organic black currant extracts), Organic Carnauba Wax.

## DOES NOT CONTAIN DECLARATION OBLIGATORY ALLERGENS

19.     Rice syrup, also known as brown rice (malt) syrup or rice malt, is a sweetener derived by steeping cooked rice starch with saccharifying enzymes to break down the starches, followed by straining off the liquid and reducing it by evaporative heating.

20.     Cane sugar is just sucrose derived from sugar cane with a small amount of non-sucrose components, usually just impurities.

21.     Tapioca syrup solids, also known as dried glucose syrup or glucose syrup solids, are powders made from tapioca syrups through a spray-drying process.

22.     Concentrates, like Organic Pear Juice Concentrate, are *formerly* fruit juices that have had most of their water content removed through a filtration and extraction process that also removes most nutrients in juice, along with its fiber. What remains is a thick, concentrated syrup consisting primarily of sugar. Under the applicable regulations, these are considered added sugars.[3]

## II.     THE FRUIT SNACKS' LABELING VIOLATES CALIFORNIA LAW

23.     The Fruit Snacks' labeling violates California Health and Safety Code § 110670, which states, "[a]ny food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto."

---

[3]     *See*     https://www.fda.gov/food/nutrition-facts-label/added-sugars-nutrition-facts-label ("Added sugars include sugars that are added during the processing of foods" including "sugars from concentrated fruit or vegetable juices.").

24.     Under 21 U.S.C. § 343(a), any food is misbranded where its "label is false or misleading in any particular."

25.     The Fruit Snacks' "Made With Real Fruit Juice" label is false or misleading in that the Fruit Snacks contain only concentrated fruit juice, which is considered an added sugar, and are otherwise entirely sweetened with other added sugars.

## III.   PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY

26.     As best as she can recall, Plaintiff Diana Haver purchased Annie's Berry Patch flavor and Summer Strawberry flavor Fruit Snacks beginning in approximately 2022. She purchased one or both varieties occasionally, approximately six or seven times since her initial purchase. She typically made her purchases from a Target store in La Mesa, California.

27.     When purchasing the Fruit Snacks, Ms. Haver was looking for snacks for her family that were sweetened with fruit juice, and specifically looked for label claims for snacks made with real fruit juice. Whether the snacks she purchased were sweetened with fruit juice was material to her purchase decision because she considers such snacks to be healthier alternatives than snacks sweetened with added sugar. In purchasing the Fruit Snacks, Ms. Haver was exposed to, read, and relied on the label claim, "Made with Real Fruit Juice."

28.     The "Made with Real Fruit Juice" representation was and is deceptive because the Fruit Snacks are sweetened only with added sugars, including juice concentrates.

29.     Ms. Haver is a lay consumer, like other reasonable consumers, who did not have the specialized knowledge that General Mills had regarding the ingredients, or the nature of the ingredients, of the Fruit Snacks. At the time of purchase, Ms. Haver was unaware that juice concentrates, like those found in the Fruit Snacks, are actually added sugars that do not possess the qualities she was seeking in products actually sweetened with fruit juice.

30.     Ms. Haver acted reasonably in relying on the Fruit Snacks' labels, which General Mills intentionally placed on the Fruit Snacks with the intent to induce average consumers into believing they were sweetened with fruit juice and to purchase them as a result.

31.     Ms. Haver paid more for the Fruit Snacks as falsely and deceptively labeled, and she would not have purchased them or would not have been willing to pay as much for them if she knew they were not made with real fruit juice.

32.     The Fruit Snacks cost more than similar products without misleading labeling and would have cost less absent General Mills' false and misleading statements.

33.     Through the misleading "Made with Real Fruit Juice" labeling claim, General Mills was able to gain a greater share of the market than it would have otherwise and was able to increase the size of the market.

34.     For these reasons, the Fruit Snacks were worth less than what Ms. Haver and the Class paid for them.

35.     Ms. Haver and the Class lost money because of General Mills' deceptive claims and practices in that they did not receive what they paid for when purchasing the Fruit Snacks.

## CLASS ACTION ALLEGATIONS

36.     California Code of Civil Procedure section 382 provides that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

37.     Pursuant to Code Civ. Proc. § 382, Plaintiff seeks certification of a class defined as:

> All persons who, at any time from four years preceding the date of the filing of this Complaint to the time a class is notified (the "Class Period"), purchased within the State of California, for personal or household use, and not for resale or distribution, Annie's Fruit Snacks.

38.     Excluded from the Class are: (a) Defendant, its officers, directors, and employees; affiliates and affiliates' officers, directors, and employees; (b) Plaintiff's Counsel; (c) judicial officers and their immediate family members and associated court staff assigned to this case; and (d) persons or entities who or which timely and properly exclude themselves from the Class.

*Haver v. General Mills, Inc.*
CLASS ACTION COMPLAINT

39.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

40.     The Members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court. The Class includes at least thousands of Members.

41.     There is a well-defined community of interest in the common questions of law and fact affecting Class Members. The questions of law and fact common to Class Members predominate over questions affecting only individual Class Members, and include without limitation:

a.      whether General Mills communicated a message through its packaging that the Fruit Snacks were sweetened with fruit juice;

b.      whether General Mills communicated a message through its packaging that the Fruit Snacks were sweetened only, or at least primarily, with fruit juice;

c.      whether the label message on the Fruit Snacks was material, or likely to be material, to a reasonable consumer;

d.      whether the Fruit Snacks were sweetened only, or at least primarily, with fruit juice;

e.      whether the Fruit Snacks are sweetened only, or at least primarily, with added sugars;

f.      whether the challenged "Made with Real Fruit Juice" claim is false, misleading, or reasonably likely to deceive a reasonable consumer;

g.      whether General Mills' conduct violates public policy;

h.      whether General Mills' conduct violates California statutes or regulations;

i.      the proper amount of restitution;

j.      the proper scope of injunctive relief; and

k.      the proper amount of attorneys' fees.

7

42.    These common questions of law and fact predominate over questions that affect only individual Class Members.

43.    Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's substantially uniform misconduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Fruit Snacks and suffered economic injury because the Fruit Snacks were misrepresented. Absent Defendant's business practice of deceptively and unlawfully labeling the Fruit Snacks, Plaintiff and Class Members would not have purchased them or would not have paid as much for them. Thus, Plaintiff advances the same claims and legal theories on behalf of herself and all other Class Members, and no defense is available to Defendant that is unique to Plaintiff.

44.    Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation, and specifically in litigation involving false and misleading advertising.

45.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this matter as a class action. The damages, harm, or other financial detriment suffered individually by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to litigate their claims on an individual basis against Defendant, making it impracticable for Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system should not be forced to shoulder such inefficiency. Individualized litigation would create a potential for inconsistent or contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, providing the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46.     General Mills has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

47.     As a result of the foregoing, class treatment is appropriate under California Code of Civil Procedure section 382.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.***

48.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

49.      The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

50.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

### Fraudulent

51.     A statement or practice is fraudulent under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable consumer test.

52.     As set forth herein, General Mills' "Made with Real Fruit Juice" labeling claim for the Fruit Snacks is likely to deceive reasonable consumers and the public.

### Unlawful

53.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;
- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;
- The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*; and
- The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 *et seq.*

*Haver v. General Mills, Inc.*
CLASS ACTION COMPLAINT

54.    By violating these laws, General Mills has engaged in unlawful business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code § 17200.

### Unfair

55.    General Mills' conduct with respect to the labeling, advertising, and sale of the Fruit Snacks was and is unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, did and does not outweigh the gravity of the harm to its victims.

56.    General Mills' conduct with respect to the labeling, advertising, and sale of the Fruit Snacks was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the False Advertising Law, portions of the Federal Food, Drug, and Cosmetic Act, and portions of the California Sherman Food, Drug, and Cosmetic Law.

57.    General Mills' conduct with respect to the labeling, advertising, and sale of the Fruit Snacks was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided. Specifically, the increase in profits obtained by General Mills through the misleading labeling does not outweigh the harm to Class Members who were deceived into purchasing the Fruit Snacks believing they were sweetened with fruit juice, and not sweetened entirely, or primarily, with added sugars.

58.    General Mills profited from the sale of the falsely, deceptively, and unlawfully advertised Fruit Snacks to unwary consumers.

59.    Plaintiff and Class Members are likely to continue to be damaged by General Mills' deceptive trade practices, because General Mills continues to disseminate misleading information. Thus, injunctive relief enjoining General Mills' deceptive practices is proper.

60.    General Mills' conduct caused and continues to cause substantial injury to Plaintiff and other Class Members. Plaintiff has suffered injury in fact as a result of General Mills' unlawful conduct.

*Haver v. General Mills, Inc.*
CLASS ACTION COMPLAINT

61.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining General Mills from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices.

62.     Plaintiff and the Class also seek an order for the restitution of all monies from the sale of the Fruit Snacks, which were unjustly acquired through acts of unlawful competition.

## SECOND CAUSE OF ACTION

### Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

63.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

64.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

65.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

66.     As alleged herein, the labeling, policies, acts, and practices of General Mills relating to the Fruit Snacks misled consumers acting reasonably to believe the Fruit Snacks are "Made with Real Fruit Juice."

67.     Plaintiff suffered injury in fact as a result of General Mills' actions as set forth herein because Plaintiff purchased the Fruit Snacks in reliance on General Mills' false and misleading marketing claims stating the Fruit Snacks were "Made with Real Fruit Juice."

68.     General Mills' business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because General Mills has marketed the Fruit Snacks in a manner that is untrue and misleading, which General Mills knew or

reasonably should have known, and omitted material information from the Fruit Snacks' labeling.

69.    General Mills profited from the sale of the falsely and deceptively marketed the Fruit Snacks to unwary consumers.

70.    As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which General Mills was unjustly enriched.

71.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the Class, seeks an order enjoining General Mills from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

72.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if fully set forth herein.

73.    Plaintiff and Class Members conferred upon General Mills an economic benefit, in the form of profits resulting from the purchase and sale of the Fruit Snacks.

74.    General Mills' financial benefits resulting from its unlawful and inequitable conduct are economically traceable to Plaintiff's and Class Members' purchases of the Fruit Snacks, and the economic benefits conferred on General Mills are a direct and proximate result of its unlawful and inequitable conduct.

75.    It would be inequitable, unconscionable, and unjust for General Mills to be permitted to retain these economic benefits because the benefits were procured as a direct and proximate result of its wrongful conduct.

76.    As a result, Plaintiff and Class Members are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by General Mills as a result of such business practices.

*Haver v. General Mills, Inc.*
CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

77.     Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against General Mills as to each and every cause of action, and the following remedies:

      a.     An Order declaring this action to be a proper class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's undersigned counsel as Class Counsel;

      b.     An Order requiring General Mills to bear the cost of Class Notice;

      c.     An Order compelling General Mills to destroy all misleading and deceptive marketing materials and product labels, and to recall all offending Fruit Snacks;

      d.     An Order compelling General Mills to cease its unfair business practices;

      e.     An Order requiring General Mills to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

      f.     An Order requiring General Mills to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

      g.     An award of attorneys' fees and costs; and

      h.     Any other and further relief that the Court deems necessary, just, or proper.

## JURY DEMAND

78.     Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: June 20, 2024

*[signature]*

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE

13

mmonroe@fmfpc.com
TREVOR FLYNN
tflynn@fmfpc.com
CAROLINE S. EMHARDT
cemhardt@fmfpc.com
PETER GRAZUL
pgrazul@fmfpc.com
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

**QUAT LAW OFFICES**
KENNETH D. QUAT (*PHV to be filed*)
kquat@quatlaw.com
373 Winch Street
Framingham, MA 01701
Phone: (508) 872-1261

***Counsel for Plaintiff***

*Haver v. General Mills, Inc.*
CLASS ACTION COMPLAINT

# EXHIBIT B

1  Charles C. Sipos, Bar No. 348801
   CSipos@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, Washington 98101-3099
   Telephone: +1.206.359.8000
4  Facsimile:  +1.206.359.9000

5  Natalie K. Sanders, Bar No. 329916
   NSanders@perkinscoie.com
6  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
7  Los Angeles, California 90067-1721
   Telephone: +1.310.788.9900
8  Facsimile:  +1.310.788.3399

9

10  Attorneys for Defendant GENERAL MILLS, INC.

11
                    UNITED STATES DISTRICT COURT
12
                SOUTHERN DISTRICT OF CALIFORNIA
13

14
    DIANA HAVER, on behalf of herself,        Case No. [ ]
15  all others similarly situated, and the
    general public,                           DECLARATION OF JOE HERRING
16                                             IN SUPPORT OF NOTICE OF
                 Plaintiff,                    REMOVAL
17
          v.
18
    GENERAL MILLS, INC.,
19
                 Defendant.
20

21

22

23

24

25

26

27

28
                                        -1-

DECLARATION OF J. HERRING IN SUPPORT OF NOTICE OF REMOVAL
168093545.1

I, Joe Herring, hereby declare as follows:

1.      I am currently employed at General Mills, Inc. ("General Mills") as a finance manager. I have personal knowledge of the matters set forth herein and I could testify competently to them if called as a witness. I submit this declaration in support of General Mills's Notice of Removal in the above-captioned matter.

2.      In my capacity as finance manager, I am responsible for overseeing the marketing and sales data for General Mills's products across various distribution and retail channels in California. I regularly review General Mills's internal records regarding sales of General Mills's products, including records pertaining to sales performance of specific flavors and varieties, and geographic sales performance, including those defined in the Complaint. *See* Complaint ¶ 1.

3.      General Mills maintains sale records for the Fruit Snacks, as defined in the Complaint, by tracking the sales of the specific "stock keeping unit" or SKU numbers associated with the Fruit Snacks, which are accessible to me.

4.      Based on detailed sales data available to me, I have determined that sales of the Product SKUs in California exceeded $5 million over the past four years.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 23, 2024,

Joe Herring

# EXHIBIT C

## Case Details

| | |
|---|---|
| **Case Number** | 37-2024-00028888-CU-BT-CTL |
| **Case Type** | (U)Business Tort/Unfair Business Practice |
| **Case Status** | Pending |
| **Date Filed** | 06/20/2024 |
| **Case Age** | 32 |
| **Location** | Central |
| **Judicial Officer** | MCLAUGHLIN, MARCELLA O. |

## Case Parties

| Name | Role | Representation |
|---|---|---|
| General Mills Inc | Defendant | |
| Haver, Diana | Plaintiff | **Flynn, Trevor M** |

Showing 1 to 2 of 2 entries          First    Previous    [1]    Next    Last

## Representation

| Name | Address | Phone Number |
|---|---|---|
| Flynn, Trevor M | FITZGERALD MONROE FLYNN PC, 2341 Jefferson ST 200, San Diego, CA 92110 | 619-235-8636; 619-692-3840; 619-215-1741; 508-872-1261 |

Showing 1 to 1 of 1 entries          First    Previous    [1]    Next    Last

## Scheduled Hearings

| Hearing Date and Time | Hearing Department | Hearing Type / Comments |
|---|---|---|
| 1/24/2025 10:30 AM | C-72 | Case Management Conference |

Showing 1 to 1 of 1 entries          First    Previous    [1]    Next    Last

## Register of Actions

Event Search: [                    ]    [ Clear ]

All Entries      ROA Entries      Filing Entries

### All Entries

| ROA Number | Event Date | Event Type / Comments | Documents [Select All] [Clear All] |
|---|---|---|---|
| 8 | 7/15/2024 | Notice and Acknowledgment of Receipt<br>Notice and Acknowledgment of Receipt Filed by Diana Haver<br>Filed By: *Plaintiff* Haver, Diana | ☐ Notice and Acknowledgment of Receipt (Notice and Acknowledgment of Receipt)<br>• Page Count: 1 |
| 7 | 6/24/2024 | Summons issued. | N/A |
| 6 | 6/21/2024 | Summons (Civil)<br>Original Summons filed by Haver, Diana.; Transaction Number: 22097029<br>Filed By: *Plaintiff* Haver, Diana | ☐ Original Summons<br>• Page Count: 1 |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 5 | 6/21/2024 | Case initiation form printed. | ☐ Notice of Case Assignment SD<br> • Page Count: 2<br>☐ Notice to Litigants SD<br> • Page Count: 2<br>☐ Stipulation to Alternative Dispute Resolution Process SD<br> • Page Count: 1 |
| 4 | 6/21/2024 | Civil Case Management Conference scheduled for 01/24/2025 at 10:30:00 AM at Central in C-72 Marcella O McLaughlin. | N/A |
| 3 | 6/20/2024 | Case assigned to Judicial Officer McLaughlin, Marcella. | N/A |
| 1 | 6/20/2024 | Civil Complaint<br>  Complaint filed by Haver, Diana.; Transaction Number: 22095963<br>  Filed By: *Plaintiff* Haver, Diana<br>  Refers To: *Defendant* General Mills Inc | ☐ Complaint<br> • Page Count: 15 |
| 2 | 6/20/2024 | Civil Case Cover Sheet<br>  Civil Case Cover Sheet filed by Haver, Diana.; Transaction Number: 22095963<br>  Filed By: *Plaintiff* Haver, Diana | ☐ Civil Case Cover Sheet<br> • Page Count: 2 |
|  | 6/20/2024 | Class Action | N/A |
|  | 6/20/2024 | Complex Case | N/A |
|  | 6/20/2024 | Complex Case | N/A |

Showing 1 to 11 of 11 entries

First   Previous   | 1 |   Next   Last

Add to Cart

Printable ROA

**THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION.** The Entry Date on the Register of Actions may not always reflect the actual filing date of a document and not all documents filed with the Court are listed on the Register of Actions. It is recommended that users refer to the case file for confirmation.

© 2021 - San Diego Superior Court