UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA HAVER, on behalf of herself, all others similarly situated, and the general public,<br><br>                                   Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC.,<br><br>                                   Defendant. | Case No.: 3:24-cv-01269-CAB-MMP<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br><br><br>[ECF No. 4] |

## <u>ORDER</u>

Plaintiff Diana Haver filed her putative class action lawsuit in San Diego County Superior Court.  [ECF No. 1-2, "Complaint."]  Her case theory is that Defendant General Mills deceptively marketed "Fruit Snacks" to contain "Real Fruit Juice," when, according to Plaintiff, the snacks in question were sweetened entirely with added sugars.  [Compl. ¶ 3.]  Plaintiff brought claims under the California Unfair Competition Law (UCL) and the California False Advertising Law (FAL) in state court seeking both injunctive relief and equitable relief in the form of disgorgement and restitution.  [*See* Compl. ¶¶ 59, 77.]  Defendant removed to federal court, claiming jurisdiction under the Class Action Fairness Act, and Plaintiff moved for remand.  [ECF No. 4.]  For the reasons explained below, the Court **GRANTS** Plaintiff's motion.

I.      LEGAL BACKGROUND

"Unless Congress has expressly provided otherwise, a defendant may remove to federal court 'any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction.'" *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (quoting 28 U.S.C. § 1441(a)).

"CAFA vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs;" and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Under 28 U.S.C. § 1447(c), remand is available (1) if the court lacks subject matter jurisdiction or (2) there is some "defect" in removal. A "defect" refers to "a failure to comply with the statutory requirements for removal." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009). "Federal courts have limited jurisdiction, and limitations on the court's jurisdiction 'must neither be disregarded nor evaded.'" *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

II.     ANALYSIS

A. The Court Has Subject Matter Jurisdiction Under CAFA

The first question for the Court is whether it has subject matter jurisdiction pursuant to Defendant's removal. The Court can adjudicate subject matter jurisdiction sua sponte. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Defendant bears the burden to show the propriety of removal. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

Defendant has met that burden here.  First, Defendant removed this cause from the state court within 30 days.  28 U.S.C. § 1446(b).  Moreover, Plaintiff alleges that the putative class consists of "at least thousands of members."  [Compl. ¶ 40.]  Similarly, there is no question that one class member (Plaintiff) is diverse from the sole Defendant: they are residents of California and both Minnesota and Delaware respectively.  [*Id.* ¶¶ 11–12.]

The only open issue is whether the amount in controversy exceeds $5,000,000.  Plaintiff has not pleaded a request for damages.  Instead, Plaintiff seeks restitution and disgorgement of (among other monetary gains) revenues, profits, and earnings from the sale of the relevant product.  [*See* Compl. ¶¶ 76–77.]  Indeed, "[t]he only remedies available under the [UCL and FAL] are injunctive relief and restitution."  *See Phillips v. Apple Inc.*, 725 F. App'x 496, 498 (9th Cir. 2018) (referencing Cal. Bus. & Prof. Code §§ 17200, 17500, and state cases).

The Court can look to evidence supplied by the Defendant to resolve the amount-in-controversy question.  *Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (accepting declaration from company representative that sales in California exceeded $5 million).  According to a declaration submitted by a General Mills finance manager responsible for marketing and sales data for Defendant's products across California, total in-state sales of the fruit snacks in question during the class period exceeded $5 million.  [ECF No. 1-2 ¶¶ 1–4.]  From this uncontested evidence, the Court is satisfied that this lawsuit meets the jurisdictional threshold set by CAFA.

**B. Plaintiff Lacks Article III Standing for Her Request for Injunctive Relief**

Although removal is proper under CAFA, the subject matter jurisdiction question does not end there.  *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (subject matter jurisdiction includes Article III requirements).  Plaintiff must have Article III standing to sustain her claim for injunctive relief in federal court.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).  To establish Article III standing, Plaintiff must show (1) that she has suffered an injury-in-fact, (2) that her injury is fairly traceable to a defendant's conduct, and (3) that her injury would likely be redressed by a

favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  Past wrongs, by themselves, are insufficient to establish Article III standing.  *Davidson*, 889 F.3d at 967.

The Ninth Circuit has held that a plaintiff's intention to purchase a product in the future is necessary for Article III standing when seeking injunctive relief.  *See, e.g., Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) (citing *Davidson*) (ruling that a plaintiff's statement that she would "consider buying" the defendant's products did not clear Article III standing requirements for injunctive relief); *Linton v. Axcess Fin. Servs., Inc.*, No. 23-CV-01832-CRB, 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023).  "As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."  *Davidson*, 889 F.3d at 970 n.6; *see* 28 U.S.C. § 1447(a).

Defendant argues that Plaintiff *may* have alleged the requisite future harm.  [*See* ECF No. 8 at 18 ("Plaintiff may have alleged future harm [to] the extent her claims are premised on alleged future harm that necessitate an injunction.").]  The relevant part of Plaintiff's complaint reads:

> Plaintiff and Class Members are likely to continue to be damaged by General Mills' deceptive trade practices, because General Mills continues to disseminate misleading information.

[Compl. ¶ 59.]  But Plaintiff has not pleaded any concrete intention to purchase the relevant product in the future—and thus has failed to overcome a standing requirement imposed by the Ninth Circuit.  *See Davidson*, 889 F.3d at 967 ("allegations of *possible* future injury are not sufficient."); *see In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("Without any stated desire to purchase Coke in the future, [Plaintiffs] do not have standing to pursue injunctive relief.").  As Plaintiff does not have Article III standing to maintain her claim for injunctive relief in federal court, the Court remands that claim for adjudication at the state level.

**C. The Court Lacks Equitable Jurisdiction Over the Remaining Claims: Remand Is Appropriate**

Next are Plaintiff's claims in equity: restitution and disgorgement.  [*See* Compl. ¶ 70.]  Subject matter jurisdiction being proper for these claims, the dispositive question for the Court is whether this case warrants remand under any equitable jurisdiction doctrine. Even when a court has subject matter jurisdiction over the suit "[t]here remains the question of equitable jurisdiction." *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975).  Subject matter jurisdiction is concerned with "whether the claim falls within the limited jurisdiction conferred on the federal courts." *Id.*  Equitable jurisdiction asks whether the "principles governing equitable relief" allow a district court to "exercise its remedial powers." *Id.*  In that sense, equitable jurisdiction is a "threshold jurisdictional question." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020).

Plaintiff argues that this Court lacks equitable jurisdiction.  Federal courts sitting in diversity can only award equitable relief under state law if there is no adequate legal remedy.  *Id.* at 839, 844.  In other words, a plaintiff "must establish that [they] lack[] an adequate remedy at law before securing equitable restitution for past harm under the UCL" (or FAL).  *See id.* at 844.  "The absence of a complete and adequate remedy at law, is the only test of equity jurisdiction." *Payne v. Hook*, 74 U.S. 425, 430 (1868) (cited in *Sonner*, 971 F.3d at 841).  Numerous courts applying *Sonner* have been clear: a plaintiff must (at least) plead that they lack adequate remedies at law if they seek equitable relief.  *See, e.g.*, *Ruiz v. The Bradford Exch., Ltd.*, No. 3:23-CV-01800-WQH-KSC, 2024 WL 2844625, at *4 (S.D. Cal. May 16, 2024).

Plaintiff has not pleaded that she lacks an adequate remedy at law for her equitable claims.  Plaintiff's lawsuit is straightforward: nothing in the complaint suggests that a damages award for the alleged false advertising type claims would fail to make class members whole.  *See Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKx), 2022 WL 5027083, at *3 (C.D. Cal. Oct. 3, 2022) ("*Sonner* makes clear that the key question on whether [a plaintiff] has sufficiently pled that he lacks an adequate remedy at law is

whether damages would fail to make him whole.") (citing *Sonner*, 971 F.3d at 844). In the briefing before the Court, the Plaintiff confirms that she has never alleged the absence of such a remedy. [*See* ECF No. 4 at 88.] The Court thus lacks equitable jurisdiction over Plaintiff's claims in equity. If so moved, the Court would likely have to dismiss this case (because it cannot provide the only relief sought by Plaintiff).

Though the textual basis for remand is limited in 28 U.S.C. § 1447(c), the Supreme Court has recognized numerous abstention doctrines that guide lower courts on remand decisions, such as the promotion of "wise judicial administration." *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716–17 (1996) (listing historically-recognized abstention doctrines). Consistent with these doctrines is longstanding Supreme Court precedent which informs that when a federal court lacks equitable jurisdiction, a case may be remanded. *Cates v. Allen*, 149 U.S. 451, 460–461 (1893); *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927).

Though that precedent is nearly 100 years old, it is still binding on this Court. Against this precedent, Defendant argues that remand is not appropriate since the applicable Supreme Court cases predate the merger of law and equity and that CAFA supersedes any relevant discretionary remand function. But none of these advancements have altered a federal court's authority to remand cases "where the relief being sought is equitable or otherwise discretionary." *Quackenbush*, 517 U.S. at 721 (decided in 1996); *see Guthrie*, 561 F. Supp. 3d at 879 (pointing out that in enacting CAFA, "Congress did not purport to alter traditional equitable rules.") Although the Court shares Defendant's concern for "end-runs" around federal statutes, the principles of federalism and proper judicial administration point to remand where this Court cannot offer Plaintiff any relief under purely state causes of action. *See Newtok Village v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) ("A plaintiff is the master of his complaint and responsible for articulating cognizable claims.").

In ruling that remand is appropriate, this Court finds persuasive those opinions by lower courts in this Circuit that have addressed the same issues head on and have come to

the same conclusion. *See, e.g., The Bradford Exch., Ltd.*, 2024 WL 2844625, at *4; *Morgan v. Rohr, Inc.*, No. 20-CV-574-GPC-AHG, 2023 WL 7713582, at *6 (S.D. Cal. Nov. 15, 2023), *appeal dismissed sub nom. Morgan v. Hamilton Sundstrand Corp.*, No. 23-4236, 2024 WL 1152284 (9th Cir. Feb. 28, 2024); *Clevenger v. Welch Foods Inc.*, No. SACV2300127CJCJDEX, 2023 WL 2390630, at *5–6 (C.D. Cal. Mar. 7, 2023); *Granato v. Apple Inc.*, No. 5:22-CV-02316-EJD, 2023 WL 4646038, at *6 (N.D. Cal. July 19, 2023); *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 880–81 (N.D. Cal. 2021). Defendant cites to cases where any remand would have resulted in a piecemeal adjudication of claims. They are distinguishable from the lawsuit here: as "remand [is] the only option for [Plaintiff's] claims to be heard at all." *iFit Inc.*, 2022 WL 5027083, at *5. Defendant's jurisdictional waiver argument is unavailing. The Court is exercising its inherent authority (as recognized in *Cate*) when petitioned as a court of equity.

## III.   CONCLUSION

Plaintiff lacks Article III standing to maintain its claim for injunctive relief, and the Court lacks equitable jurisdiction over Plaintiff's remaining claims in equity. As such, the Court **GRANTS** Plaintiff's motion. [ECF No. 4.] The case is remanded to the Superior Court of San Diego County (originally filed as Case No. 37-2024-00028888-CU-BT-CTL).

It is **so ORDERED.**

Dated:  October 11, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge