UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA HAVER, on behalf of herself, all others similarly situated, and the general public,<br>Plaintiff,<br>v.<br>GENERAL MILLS, INC.,<br>Defendant. | Case No.: 3:24-cv-01269-CAB-MMP<br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>[Doc. No. 23] |

## I. INTRODUCTION

Before the Court is a motion by Defendant General Mills, Inc. to dismiss Plaintiff Diana Haver's First Amended Complaint ("FAC"). [Doc. No. 23.] The FAC alleges that fruit-flavored snacks sold by General Mills under the tradename Annie's™ are misleadingly labeled[1] in violation of California consumer protection laws. Specifically, Haver contends that the packaging's front-label statement "Made with Real Fruit Juice*" is deceptive as it falsely suggests to consumers that the fruit-flavored gummy snacks are primarily sweetened with fruit juice. [Doc. No. 19; FAC at ¶18.] The product ingredient

[1] General Mill's request [Doc. No. 23-2] for the Court to take judicial notice of the packaging at issue is Granted. The same representation of the packaging is also included in the Plaintiff's FAC. [Doc. No. 19 at ¶ 25.]

list, however, identifies the first three ingredients in the gummy snacks as organic rice syrup, organic cane sugar, and organic tapioca syrup solids. [*Id.*, at ¶ 15.]

General Mills contends that 1) the label is accurate because the product contains real fruit juice, and 2) Plaintiff's interpretation that the label statement "made with" implies that the primary sweetener is fruit juice is not a reasonable consumer expectation. General Mills has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).







Court finds the motion suitable for determination on the papers. Having considered the submissions of counsel [Doc. Nos. 23, 24, and 25], and for the reasons stated below, the motion is GRANTED.

## II. LEGAL STANDARD

Defendant contends dismissal is proper under Rule 12(b)(6) because the FAC fails to plead facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff's FAC asserts three causes of action: (1) Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. (the "UCL"); (2) Violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*. (the "FAL"); and (3) Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*. (the "CLRA"). [Doc. No. 19] These California consumer protection acts generally prohibit unfair, deceptive, untrue or misleading advertising. The statutes are governed by the reasonable consumer test, meaning that false or misleading advertising must be evaluated from the vantage of a reasonable consumer. *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008).

This standard "requires more than a mere possibility that [defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner v. Fresh Inc.,* 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.,* 129 Cal. Rptr. 2d 486, 495 (2003)). "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.*, (quoting *Lavie*, 129 Cal. Rptr. 2d at 495).

Whether a business practice is deceptive is usually a question of fact not appropriate for decision at the pleading stage. *Williams*, 552 F.3d at 938-39. However, "if common sense would not lead anyone to be misled, the claim may be disposed of at a motion to dismiss stage." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1018 (9th Cir. 2020). Allegations do not satisfy the reasonable consumer test where the packaging containing the alleged misrepresentation includes disclosures that make the meaning of the alleged

misrepresentation clear. *Dinan v. San Disk LLC*, No. 18-cv-5420-BLF, 2020 WL 364277, at *9 (N.D. Cal. Jan. 22, 2020).

III. DISCUSSION

Plaintiff does not allege that the front-label statement on the gummy snack package, "Made with Real Fruit Juice*" is false. In her opposition, Plaintiff acknowledges that she does not dispute that the gummy snacks contain pear juice concentrate derived from fruit juice, nor does she contend that juice concentrate ceases to be fruit juice. [Doc. No. 24 at 14.] The product is made with pear juice concentrate and therefore does not display an affirmative misrepresentation.

This distinguishes this case from Plaintiff's leading case, *Williams*, in which the front packaging for a product called "Fruit Juice Snacks" pictured various fruits, suggesting to consumers that those fruits or their juices were contained in the product. In fact, none of the pictured fruits were in the product. The court found reasonable consumers could be deceived by this affirmative misrepresentation. Although the true components of the snacks could have been ascertained by a review of the ingredient list, the court concluded that in light of such deceptive packaging, a manufacturer could not rely on the ingredient list as a "shield for liability for the deception" explaining that a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Williams*, 552 F.3d at 939. The Ninth Circuit has subsequently confirmed that *Williams* stands for the proposition that *if* the defendant commits an affirmative act of misrepresentation, the presence of fine print revealing the truth is insufficient to dispel that misrepresentation. *Ebner,* 838 F.3d at 966.

The product at issue in the instant case does not display an affirmative misrepresentation. "Made with Real Fruit Juice*" is a factually true statement that plaintiff does not contest. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1093 (N.D. Cal. 2017) ("It is not misleading for a product to state it is made with real fruit when that

statement accurately represents that the product contains real fruit and does not misrepresent the type of fruit the product contains.")

California consumer protection law, however, prohibits not only advertising which is false but also advertising which although true is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse members of the public. *Williams,* 552 F.3d at 938. The Plaintiff contends that the statement, while true, implies to consumers that the gummy snacks are primarily sweetened with fruit juice, and that the statement is therefore deceptive.

Context, the nature of the product, is important in evaluating the plausibility of her contention that the reasonable consumer would interpret the statement "made with" to mean 'primarily sweetened with." *See e.g., Red v. Kraft Foods, Inc.,* 2012 WL 5504011, *4 (C.D. Cal. Oct. 25, 2012) ("It strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers is healthful or contains huge amounts of vegetables simply because . . . [the box has] the true phrase "Made with Real Vegetables.") The product at issue is not fruit juice or fruit jerky, products a consumer may reasonably assume are primarily composed of fruit. Plaintiff acknowledges that these are "sweet, fruit-flavored snacks," not composed primarily of fruit. [Doc. No. 24 at 10.] They are a processed gummy product, and she acknowledges consumers would expect them to contain added sugars. [*Id.* at 11.]

The statement on the front of the packaging "Made with Real Fruit Juice*" makes no representation regarding the amount, predominance or sweetening function of fruit juice in the product. It does include a visible asterisk (*) indicating there is additional information on the packaging regarding the fruit juice component.



> Asterisks are common in both commerce and elsewhere to denote that the 'reader' should be aware that there is more than meets the eye. Because the asterisk calls the consumer's attention to the fact that there is supplemental information on the package that the consumer should read, it matters less that the disclosure is allegedly not conspicuous on the package. Once the consumer is directed to look for the disclosure because of the asterisk, he knows to look for it and can find it in the fine print.

*Dinan,* 2020 WL 364277, at *8 (internal cites omitted).

Any assumption made by a consumer regarding the nature and function of the fruit juice component of these gummy snacks is clarified in the additional nutrition information disclosures on the side of the package.







Even considering the packaging "as a whole," as Plaintiff argues the Court must, the Court concludes that a reasonable consumer could not be misled regarding the presence of the organic pear juice concentrate[2] and its relation to the product's other sources of sweetness.

As Defendant contends, this case is in line with *Chuang v. Dr. Pepper Snapple Group, Inc.*, No. CV17-1875-MWF, 2017 WL 4286577, at *5 (C.D. Cal. Sept. 20, 2017), in which the court dismissed the Plaintiff's FAL, CLRA and UCL claims finding that a

---

[2] Plaintiff has acknowledged that juice concentrate is a form of juice. [Doc. No. 24 at 14.] That juice concentrate is classified as an "added sugar" by the FDA, does not alter her admission that juice concentrate is a component of the product and that the representation the product contains real fruit juice is true.

reasonable consumer could not be misled regarding the nutritional quality or quantities of fruit in Mott's fruit snacks. There was no affirmative misrepresentation on the packaging. The fruit snacks contained the fruits depicted in the images on the box, and the ingredients list clearly demonstrated that the products contain more sugar than real fruit and vegetable juice. *Chuang*, 2017 WL 4286577, *6. *See also Workman v. Plum Inc.,* 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("One can hardly walk down the aisles of a supermarket without viewing large pictures depicting vegetable or fruit flavors, when the products themselves are largely made up of a different base ingredient. Every reasonable shopper knows that the devil is in the details. Moreover, any potential ambiguity could be resolved by the back panel of the products, which listed all ingredients in order of predominance.").

Plaintiff's FAC alleging that the packaging of the Annie's™ fruit flavored snacks is likely to mislead a significant portion of the general consuming public, acting reasonably in the circumstances, to assume that fruit juice is the primary sweetener of the snack product does not plausibly state a claim for violation of the alleged California consumer protection laws.

IV. CONCLUSION

For the reasons stated above, Defendant General Mill's motion to dismiss Plaintiff's FAC is GRANTED. This is the Plaintiff's second attempt to state a viable claim that the Defendant's packaging violates the California FAL, CLRA and UCL. The Court finds that any further attempt to restate the claim, considering the undisputed packaging disclosures, would be futile so the complaint is dismissed without leave to amend and the case will be closed.

It is **SO ORDERED.**

Dated: September 28, 2026

Hon. Cathy Ann Bencivengo
United States District Judge